IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 21, 2018 Session

## JENNIFER PARKS v. REBECCA A. WALKER, M.D., ET AL.

### Appeal from the Circuit Court for Knox County
### No. 1-278-16      Kristi Davis, Judge

_____

### No. E2017-01603-COA-R3-CV

_____

D. MICHAEL SWINEY, C.J., dissenting.

I respectfully dissent from the majority's decision in this case.  I disagree with the majority's holding "that the medical authorizations in this case do not substantially comply with the provisions of Tenn. Code Ann. § 29-26-121."  I would reverse the Trial Court as I believe the medical authorizations do substantially comply.

The majority correctly notes "the authorization sent to each defendant authorizes them to 'release, use or disclose' the health records of plaintiff to the other named providers.  The authorization then lists the providers to whom the entity is authorized to release the records."  Every medical provider defendant is named in this list.  The majority, however, then affirms the Trial Court's holding "that plaintiff's authorization is not sufficient to enable defendants to obtain plaintiff's medical records."

If that were the entirety of the situation, I would agree with the majority. However, that is not the entirety of the situation here.  Attached to the complaint as exhibit B is an affidavit from plaintiff's attorney.  Attached to this affidavit are copies of the February 19, 2016 notice letter sent to each of the medical providers.  Accompanying this letter was a "LIST OF NAME AND ADDRESS OF ALL HEALTH CARE PROVIDERS TO WHOM THIS NOTICE IS SENT PURSUANT TO TENN. CODE ANN. § 29-26-121(A) OF A POTENTIAL CLAIM FOR MEDICAL MALPRACTICE." This list contained the names of each medical provider defendant to this lawsuit.  The last sentence on that page states "Each provider above is being sent a HIPAA-compliant medical authorization permitting each to obtain complete medical records from each other."

Then also attached to each letter was a copy of the medical authorization release form sent to that medical provider authorizing that medical provider defendant to "release, use or disclose" to all of the listed medical providers the plaintiff's medical records. For purposes of clarity, and as an example of what was sent to each medical provider defendant, attached to this dissent as attachment 1 is a copy of the letter and the medical authorization forms sent to one of the medical provider defendants, Rebecca A. Walker, M.D. As alleged in the complaint, each medical provider defendant was furnished the same authorization with the only difference being the name of that medical provider defendant inserted where it stated: "I hereby authorize _____ to release, use or disclose from the health records of: . . . ." Each authorization contained a list of the medical provider defendants to whom the medical provider defendant was authorized "to release, use or disclose . . ." plaintiff's health records.

According to the complaint, each medical provider defendant was furnished a notice and a medical authorization form allowing them to disclose the plaintiff's medical records to all the other medical provider defendants as listed on that form. Further, each medical provider defendant was told in this notice that each medical provider defendant had been sent such a HIPAA-compliant medical authorization form "permitting each to obtain complete medical records from each other." In short, each medical provider defendant was told that every other medical provider defendant had been furnished a "HIPAA-compliant medical authorization" that authorized each and every one of the medical provider defendants to release plaintiff's records to each and every other medical provider defendant.

If all that plaintiff had furnished had been the medical authorization form without the list of names and addresses of all health care providers, which specifically stated that each medical provider defendant was being sent such a HIPAA-compliant medical authorization permitting each one to obtain complete medical records from the others, the releases may well have been deficient. According to the complaint, however, the medical provider defendants were provided with this information at the time they received the medical authorization forms.

Respectfully, the Trial Court and the majority focus only on the two page authorization forms and ignore the February 19, 2016 notice letters including the "LIST OF NAME AND ADDRESS OF ALL HEALTH CARE PROVIDERS TO WHOM THIS NOTICE IS SENT PURSUANT TO TENN. CODE ANN. § 29-26-122(A) OF A POTENTIAL CLAIM FOR MEDICAL MALPRACTICE," all of which were attached to the complaint as part of exhibit B.

As the Trial Court correctly notes, this dismissal was a result of a motion to dismiss. I believe it was error for the Trial Court and the majority to consider only part of exhibit B attached to the complaint while ignoring the remainder of exhibit B. From the complaint, each and every medical provider defendant was clearly told that "Each provider above is being sent a HIPAA-compliant authorization permitting each to obtain

-2-

complete medical records from each other." Each provider was told this at the same time each received the authorization "to release, use or disclose . . ." the plaintiff's heath records to every other medical provider defendant.

I believe this is substantial compliance with the statute because, as stated in the notice letter to the defendants, each and every one of them could get all of plaintiff's medical records from the other medical provider defendants, and they knew it. To hold otherwise requires that we assume that the health care providers and their attorneys were all illiterate and unable to read the medical authorization form in conjunction with the notice letter sent to them.

As to plaintiff's failure to fill in the blank after: "For the purpose of:" in the authorization, I believe it is a technical violation that does not, by itself, prevent there being substantial compliance with the statute. The majority is correct that plaintiff did not fill in this blank. However, the phrase "at the request of the individual" would have been sufficient to satisfy this HIPAA requirement. At the risk of stating the obvious, "at the request of the individual" is obvious from the fact that "the individual" signed the request and stated no other purpose. In any event, I believe the failure to fill in this blank did not prevent substantial compliance with the statute as the effect and significance of that error or omission is minimal at most.

I believe the record shows that there was substantial compliance by plaintiff with the statute. Each and every medical provider defendant was authorized by the medical authorizations to both release the medical records to and obtain the medical records from each and every other medical provider defendant. To hold otherwise in deciding this motion to dismiss is to ignore part of the complaint, including parts of exhibit B to the complaint, showing what actually was furnished to each of the medical provider defendants. This results in requiring perfection rather than substantial compliance. As the majority correctly notes in quoting our Supreme Court, the statute in question "serves to equip defendants with the actual means to evaluate the substantive merits of a plaintiff's claim by enabling early access to a plaintiff's medical records." *Stevens, ex rel. Stevens v. Hickman Community Health Care Servs., Inc.* 418 S.W.3d 547, 555 (Tenn. 2013). Here, the medical provider defendants were so equipped but chose not to "evaluate the substantive merits of" the plaintiff's claim early or otherwise. *Id*.

At this motion to dismiss stage, applying the standards relevant to a motion to dismiss, it cannot be disputed that each and every medical provider defendant, by means of all the authorizations furnished by plaintiff to all the medical provider defendants, was equipped with the means to obtain the medical records from each and every medical provider defendant so each could evaluate the merits of plaintiff's claim. Again, unless the health care providers and their attorneys were illiterate and were unable to read and understand not only the medical authorization form sent to that health care provider, but the notice letter and all attachments to that notice letter as well, it was clear that each medical provider had been authorized both to furnish to and to obtain and receive from

every other medical provider the plaintiff's medical records, and they knew it. This is, I believe, at least substantial compliance.

Since the enactment of the sections of the Health Care Liability Act governing pre-suit notice were adopted by the General Assembly in 2008, this Court has seen case after case brought by Tennessee plaintiffs dismissed without any determination whether the case has any merit. In all of these cases, this Court has yet to be pointed even once to anything supporting the proposition that the purpose, or even a secondary purpose, of HIPAA was to enable medical providers to weaponize the HIPAA provisions concerning medical release authorization forms to the detriment of their patients. Despite that, this is exactly how HIPAA is being used in these lawsuits. Under the Trial Court's opinion and the majorities' opinion, this Tennessee plaintiff is just the latest victim in the "game of 'gotcha' . . . played by the lawyers." *Buckman v. Mountain States Health Alliance*, No. E2017-01766-COA-R3-CV, 2018 WL 3608416, at *8 (Tenn. Ct. App. July 26, 2018), *no appl. perm. appeal filed* (Swiney, C.J., concurring separately).

I, respectfully, dissent from majority's opinion. I would reverse the decision of the Trial Court.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

CATHERINE F. SHANKS

FILED

JUN 17 2016

# LAW OFFICES OF ERIC B. FOUST

422 S. Gay Street, Suite 302
Knoxville, TN 37902

Eric B. Foust, Esq.
Kimberlee L. Moynihan, Paralegal

Telephone: (865) 250-5182
Facsimile: (865) 851-0682

February 19, 2016

Rebecca A. Walker, M.D.
9314 Parkwest Boulevard
Knoxville, TN 37923

Re:     Medical Malpractice Claim Notification
        Our Client:    Jennifer Lee Parks
        D.O.B.:        11-29-1973

To Whom It May Concern:

This letter serves as notification pursuant to TCA § 29-26-121 that a medical malpractice claim is being made against you regarding your negligent care and treatment of Jennifer Lee Parks on or about February 19, 2015, which resulted in Ms. Parks suffering severe and permanent injuries. Ms. Parks' information is:

        Jennifer Lee Parks
        5028 Trescott Drive
        Knoxville, TN 37921
        Date of Birth: 11-29-1973

Please inform your insurance carrier and/or your attorney that you have received this letter as soon as possible. Furthermore, please notify my office if the individual accepting such letter is not permitted to accept such notification on your behalf. If such is the case, service of this notification will be issued to you directly through other means, including, but not limited to, a process server or the sheriff's department. We believe that this letter complies with the letter and spirit of TCA §29-26-121. If you or your counsel believes it is deficient in any way, then please promptly let us know and any defect will be promptly cured. If we do not promptly hear from you, then we will assume that you and your legal counsel believe the letter complies with the law in all respects.

Thank you for your prompt attention to this matter.

Sincerely,

Eric B. Foust

Enclosures

ATTACHMENT 1

-5-

**LIST OF NAME AND ADDRESS OF ALL HEALTH CARE PROVIDERS TO WHOM THIS NOTICE IS SENT PURSUANT TO TENN. CODE ANN. § 29-26-121(A) OF A POTENTIAL CLAIM FOR MEDICAL MALPRACTICE:**

Rebecca A. Walker, M.D.
9314 Parkwest Boulevard
Knoxville, TN 37923

Rebecca A. Walker, M.D.
9314 Parkwest Boulevard, Suite 100
Knoxville, TN 37923

Parkwest Women's Specialists, PLLC
9314 Parkwest Boulevard, Suite 100
Knoxville, TN 37923

Parkwest Women's Specialists, PLLC
c/o Registered Agent:
Rebecca A. Walker, M.D.
9472 Grassy Meadow Boulevard
Knoxville, TN 37931

Parkwest Medical Center
9352 Park West Boulevard
Knoxville, TN 37923

Parkwest Medical Center
c/o Registered Agent:
John T Geppi
1420 Centerpoint Boulevard, Building C
Knoxville, TN 37932

Covenant Health
1420 Centerpoint Boulevard
Knoxville, TN 37932

Covenant Health
c/o Registered Agent:
John T Geppi
1420 Centerpoint Boulevard, Building C
Knoxville, TN 37932

Covenant Health
100 Fort Sanders West Boulevard
Knoxville, TN 37922

Each provider above is being sent a HIPAA-compliant medical authorization permitting each to obtain complete medical records from each other.

Please note that a medical provider who sends records to another medical provider is not authorized to discuss this matter with the requesting provider or his/her representatives pursuant to T.C.A. § 29-26-121, as said statute requires only that records be produced. Please also take note that this HIPPA-compliant authorization does not include medical providers that have not received Notices in this matter pursuant to T.C.A. § 29-26-121.

Name: MR# _____ Encounter# _____ Date: _____

For the purpose of: _____

I hereby authorize Rebecca A. Walker, M.D. to release, use or disclose from the health records of:

Patient Name:
  Jennifer Lee Parks
Address:
  5028 Trescott Drive
  Knoxville, TN 37921

Date of Birth:
  11-29-1973
Telephone Number:
  865-450-2994
SS Number:
  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

Covering the period(s) of health care from 1/1/2013 to present.

The Following Information:

| | | | | | |
|---|---|---|---|---|---|
| X | Complete Medical Record(s) | X | Discharge Summary | X | History & Physical Exam |
| X | Consultation Reports | X | Orders and Progress Notes | X | Operative Report |
| X | X-Ray Reports | X | Pathology | X | Laboratory Tests |
| X | Photographs, videotapes, digital or other images | X | Inspect Records | ___ | Other (specify) |

To the following:

Rebecca A. Walker, M.D.
9314 Parkwest Boulevard
Knoxville, TN 37923

Parkwest Medical Center
c/o Registered Agent:
John T Geppi
1420 Centerpoint Boulevard, Building C
Knoxville, TN 37932

Rebecca A. Walker, M.D.
9314 Parkwest Boulevard, Suite 100
Knoxville, TN 37923

Covenant Health
1420 Centerpoint Boulevard
Knoxville, TN 37932

Parkwest Women's Specialists, PLLC
9314 Parkwest Boulevard, Suite 100
Knoxville, TN 37923

Covenant Health
100 Fort Sanders West Boulevard
Knoxville, TN 37922

Parkwest Women's Specialists, PLLC
c/o Registered Agent:
Rebecca A. Walker, M.D.
9472 Grassy Meadow Boulevard
Knoxville, TN 37931

Covenant Health
c/o Registered Agent:
John T Geppi
1420 Centerpoint Boulevard, Building C
Knoxville, TN 37932

Parkwest Medical Center
9352 Park West Boulevard
Knoxville, TN 37923

I understand this release is valid through the expiration date(s) stated below or, if left blank, until twelve months from the Date of Signature. I have the right to revoke this authorization in writing at any time. If I revoke this authorization, I must present a written revocation to the Law Offices of Eric B. Foust or designee. Such Revocation will not apply to information that has already been released in response to this authorization, or to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Once the above information is disclosed, it may be re-disclosed by the recipient and the information may not be protected by federal privacy laws or regulations. I understand the Law Offices of Eric B. Foust may not restrict my access to health care treatment due to my authorizing or not authorizing the use or disclosure of the information identified above unless specified here.

_____          2·18·16
Signature of Client                                      Date of Signature

_Jennifer L. Parks_____
Print Name of Client

_____
Authority of Client

Relationship if Signing for the Individual _____